ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Kellogg Brown & Root Services, Inc. | ) | ASBCA Nos. 62681, 62843, 62844 |
| | ) | |
| Under Contract No. W912GB-13-C-0011 | ) | |

APPEARANCES FOR THE APPELLANT:     Daniel J. Kraftson, Esq.
                                    Sean M. Howley, Esq.
                                    Jonathan J. Straw, Esq.
                                      Kraftson Caudle PLC
                                      McLean, VA

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
                                    Engineer Chief Trial Attorney
                                   Paul L. Huhtanen, Esq.
                                   Herbert J. Aldridge, Esq.
                                   Paul Cheverie, Esq.
                                   LuzDanielle O. Bolong, Esq.
                                     Engineer Trial Attorneys
                                     U.S. Army Engineer District, Europe

OPINION BY ADMINISTRATIVE JUDGE HERZFELD
ON THE GOVERNMENT'S MOTION TO DISMISS

Respondent, the United States Army Corps of Engineers asserts that appellant, Kellogg Brown & Root Services, Inc. (KBR), did not timely appeal the agency's final decisions assessing liquidated damages and recoupment of provisional payments. The Army Corps of Engineers asserts that the government claims were embedded in the contracting officer's final decision denying KBR's certified claim and KBR's timely appeal of that final decision did not properly appeal the government claims within that decision. We disagree. Indeed, KBR timely appealed every document that could be construed as a contracting officer's final decision on these government claims. For the reasons discussed below, we deny the Army Corps of Engineers' motion to dismiss and conclude that the letters demanding payment from KBR constituted the government claims and contracting officer's final decisions.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In 2009, President Obama mandated that the government have a European missile defense system operational "in the 2015 timeframe" (R4, tab 38). On July 9, 2013, the Army Corps of Engineers and KBR executed Contract No. W912GB-13-C-

0011 (Contract) for a firm, fixed-price amount of $134,211,592 to construct an Aegis Ashore Missile Defense System site on Deveselu Air Base in Deveselu, Romania (R4, tab 3 at 1-2). The Contract and modifications included milestone dates for KBR's completion of certain tasks by specific dates starting with the first milestone in November 2013 and with project completion to occur in September 2015 (R4, tab 1 at 2-3, tab 65 at 2 (Modification No. A00003)). The Contract also stated that the Army Corps of Engineers would assess liquidated damages if contractor-caused delay resulted in KBR missing the September 2015 completion deadline and three interim milestones (R4, tab 3 at 7; *see also* tab 3 at 54 (Contract includes Federal Acquisition Regulation (FAR) 52.211-12, LIQUIDATED DAMAGES – CONSTRUCTION (SEP 2000))).

On December 3, 2014, the parties modified the contract to accelerate efforts to complete the project and to increase funding for the contract (R4, tab 75 at 4-7 – Modification No. P00007). The modification – P00007 – advised that new payments based on this funding "[we]re not advance payments" and reminded KBR that "time is of the essence and the Government is not waiving the right to assess liquidated damages" (R4, tab 75 at 2-3). The Army Corps of Engineers stated that the modification was "provisional and contingent upon KBR's ability to demonstrate excusable delays" but that "the Government will not collect any liquidated damages pending KBR's substantiation of delays" (R4, tab 75 at 3). After several additional contract modifications, the Army Corps of Engineers added a total of $27 million to the contract funding to assure timely completion of the project (R4, tab 97 at 2 (Modification No. P00023)). KBR substantially completed the project on December 19, 2015 to meet the presidential mandate (consolidated & amended compl. ¶ 73; gov't answer to appellant's consolidated & amended compl. ¶ 73).

On May 31, 2016, KBR submitted a request for equitable adjustment to receive compensation of $75,000,900 for impacts and delays to the project (R4, tab 118 at 2). On August 4, 2017, the Army Corps of Engineers denied the request (R4, tab 137).

On March 15, 2019, KBR submitted a certified claim, which requested a 411-day extension of the contract completion date to November 4, 2016 (and commensurate extensions to the interim milestones) and payment of $50,206,830.98 based on the Army Corps of Engineers' delays and constructive and written changes (including accelerated performance) (R4, tab 2 – KBR's Certified Claim). KBR claimed it incurred $88.2 million in costs due to the delay, but subtracted $37.9 million in accelerated provisional and other payments made by the Army Corps of Engineers during performance, so sought only $50.2 million in damages (R4, tab 140 at 13).

On July 1, 2020, the contracting officer issued a final decision denying KBR's entire certified claim, concluding that the delay damages were unrecoverable because KBR had failed to demonstrate any excusable delays (R4, tab 1). The contracting officer acknowledged that KBR's claim reduced its $88.2 million in damages based on

2

provisional and other payments that the Army Corps of Engineers had already made and, thus, only sought $50.2 million in its certified claim (R4, tab 1 at 1 n.1). The decision informed KBR of its right to appeal the decision to the Board or file an action at the United States Court of Federal Claims (R4, tab 1 at 107-08).

In addition to denying KBR's claim as failing to demonstrate any excusable delays, the decision also discussed recoupment of the provisional payments and liquidated damages (R4, tab 1). As to the provisional payments, the contracting officer found that KBR had failed to demonstrate any delays were attributable to the government and stated "the $27M in provisional payments made under the modification are subject to recoupment or offset by the Government due to KBR's failure [to] substantiate . . . excusable delay" (R4, tab 1 at 48). In its conclusion and section denoted as the "decision," the contracting officer repeated the finding that KBR had "failed to justify excusable delay as required under Modification No. P00007 and in accordance with the terms of that bilateral modification the Government is entitled to recoup or offset the provisional payments for acceleration by modification of the Contract or other measures permitted by the FAR" (R4, tab 1 at 107).

As to liquidated damages, the decision referenced the liquidated damages provisions of the Contract (including modifications), the number of days of delay, and the dollar amount penalty for each day of unexcused delay (R4, tab 1 at 3, 17-18, 32-33). The decision did not provide a dollar figure for the liquidated damages owed based on the Contract and days of delay (*see generally* R4, tab 1). The contracting officer concluded, "Concerning liquidated damages, the Contractor has not demonstrated entitlement to waiver of liquidated damages under the terms of the Contract in the claim and the Government reserves the right to collect those damages in a future decision" (R4, tab 1 at 107).

On September 24, 2020, KBR filed a combined notice of appeal and complaint with the Board (ASBCA No. 62681). KBR attached a copy of the entire July 1, 2020 contracting officer's final decision to its filing. KBR stated, "KBR is justly due the amounts sought in its Claim and, as such, KBR hereby appeals the Contracting Officer's Final Decision." (Notice of Appeal & compl. at 2) KBR repeated that its claim sought $88,167,545.49, but had reduced it by $37,960,714.51 based on provisional and other payments by the government. (Notice of Appeal & compl. ¶ 79) KBR's complaint also alleged that the contracting officer's final decision "asserted, without analysis or support, that KBR is responsible for the delays to the Project. These assertions of performance failures by KBR and its subcontractors in the Decision were made without analytical basis or support." (Notice of Appeal & compl. ¶ 84)

On December 10, 2020, the contracting officer sent KBR two "demand letters" regarding the provisional payments and liquidated damages (R4, tabs 154, 156). The letter demanding repayment of the $27 million in provisional acceleration payments concluded:

3

> As stated in the [contracting officer's final decision], I have concluded that KBR did not demonstrate entitlement to excusable delay to the activities accelerated by Modification No. P00007 and hereby demand repayment of the amounts paid to KBR for 'provisional acceleration efforts' under Modification Nos. P00007, 12, 14, 19, and 23 under the terms of the Contract and FAR subpart 32.6 - Contract Debts.

(R4, tab 154 at 2)  The contracting officer also stated that KBR could request "that the debt be paid in installments or that collection of the debt be deferred due to the impracticability of payment or pending resolution of disputes concerning the amount owed" (R4, tab 154 at 3).  However, the letter did not include any notice of Contract Disputes Act (CDA) appeal rights.

The letter demanding KBR pay liquidated damages followed the same form (R4, tab 156).  The contracting officer quoted the July 1 decision, which had stated the Army Corps of Engineers had "reserve[d] the right" to collect liquidated damages "in a future decision" (R4, tab 156 at 1).  "This letter gives notice of the Government's assessment and collection of liquidated damages under the terms of the Contract and issues a demand for payment of liquidated damages not offset by the unpaid balance of the Contract" (R4, tab 156 at 1).  The demand letter asserted KBR owed $6,398,210 in liquidated damages (R4, tab 156 at 2).  The agency "will administratively offset these damages from the unpaid amounts obligated on the Contract, $2,421,685" and demanded KBR pay the remainder (R4, tab 156 at 2).  Similar to the other demand letter, the contracting officer advised KBR that it could request "the debt be deferred due to the impracticability of payment or pending resolution of disputes concerning the amount owed" (R4, tab 156 at 3).  However, this letter also did not include any notice of CDA appeal rights.

On January 20, 2021, KBR responded to each demand letter and requested that the Army Corps of Engineers defer collection of the debt pending the resolution of KBR's on-going appeal at the Board (R4, tabs 155, 157).

On March 8, 2021, KBR filed two notices of appeal with the Board each stating that "KBR understands the December 10, 2020 letter to be the Contracting Officer's Final Decision with regard" to the liquidated damages and the provisional acceleration payments, respectively.  KBR attached each demand letter to the respective notice of appeal.  On March 12, 2021, the Board docketed these appeals as ASBCA Nos. 62843 (recoupment of provisional payments) and 62844 (liquidated damages), consolidated them with appeal No. 62681, and directed KBR to file a complaint (and permitted KBR to file a consolidated complaint).  On April 12, 2021, KBR filed a consolidated and amended complaint.

<u>DECISION</u>

The Army Corps of Engineers moves to dismiss KBR's appeals challenging the government claims as untimely because it asserts: (1) KBR's timely notice of appeal of the July 1, 2020 contracting officer's final decision (ASBCA No. 62681) failed to state KBR specifically intended to appeal the alleged government claims in that decision (gov't mot. at 8-9; gov't reply at 8-10); and (2) KBR's subsequent appeals (ASBCA Nos. 62843 and 62844) challenging the agency's demand letters are not valid contracting officer's final decisions and KBR's appeals should be dismissed as untimely (gov't mot. at 4-8; gov't reply at 4-8). For the reasons discussed below, KBR timely appealed the government claims, which were memorialized in the demand letters issued by the contracting officer (CO).

I. *Standard of Review*

Claims for the recoupment of provisional payments and for liquidated damages, as here, constitute government claims. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1330 (Fed. Cir. 2010) (liquidated damages); *Alaska Aerospace Corp.*, ASBCA No. 59794, 16-1 BCA ¶ 36,498 at 177,844 (recoupment). CDA jurisdiction over a government monetary claim requires both a valid government claim and a contracting officer's final decision asserting or demanding payment of the claim. *Maropakis*, 609 F.3d at 1327; *L-3 Commc'ns Integrated Sys., LP*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625 ("Pursuant to the CDA, for a government claim, this Board's jurisdiction is dependent on a contracting officer asserting a claim in the form of a contracting officer's final decision issued to the contractor."). "The government bears the burden of establishing jurisdiction for a government claim." *L-3 Commc'ns*, 17-1 BCA ¶ 36,865 at 179,625. However, the contractor bears the burden for establishing that it timely appealed a contracting officer's final decision. *R&R Sys. Sols., LLC*, ASBCA Nos. 61269, 61405, 19-1 BCA ¶ 37,269 at 181,358. We rely on the record for fact-finding when evaluating facts supporting jurisdiction. *Najmaa Alshimal Co.*, ASBCA No. 62701, 21-1 BCA ¶ 37,872 at 183,899 (citing *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816).

II. *By Timely Appealing the Contracting Officer's Final Decision Denying the Contractor's Claim, the Contractor Timely Appealed Any Alleged Government Claims Embedded in the Same Contracting Officer's Final Decision*

"A contractor, within 90 days from the date of receipt of a contracting officer's decision under section 7103 of this title, may appeal the decision to an agency board as provided in section 7105 of this title." 41 U.S.C. § 7104(a). The 90-day limitation is jurisdictional and, thus, may not be waived. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982).

5

The Army Corps of Engineers asserts that its July 1, 2020 contracting officer's final decision rendered a final decision on a valid government claim for liquidated damages and recoupment of provisional payments, but KBR's September 24, 2020 appeal of that decision (ASBCA No. 62681) somehow failed to appropriately challenge the alleged government claims (gov't mot. at 8-9; gov't reply at 8-10). Indeed, the Army Corps of Engineers does not contend that KBR's notice of appeal was untimely. It could not, given that KBR noticed its appeal on September 24, 2020 – within 90 days of the July 1, 2020 decision. Instead, the Army Corps of Engineers looks to KBR's combined notice of appeal and complaint, asserting that the complaint fails to plead an appeal of the government claims. We disagree with the agency's contentions.

KBR timely appealed the July 1, 2020 contracting officer's final decision. The CDA speaks of appealing a "decision," not whether the contractor intends to appeal claims within a decision. 41 U.S.C. § 7104(a). Our rules state, "A notice of appeal shall indicate that an appeal is being taken and should identify the contract by number, the department and/or agency involved in the dispute, the decision from which the appeal is taken, and the amount in dispute, if any." ASBCA Rule 1(b). Similar to the simple statutory requirement, the only thing a notice of appeal "shall" include is that the contractor is appealing, everything else is something the contractor "should" do.

Here, KBR's notice of appeal met the statutory minimum required – it appealed a contracting officer's final decision within 90 days, explicitly stating: "KBR is justly due the amounts sought in its Claim and, as such, KBR hereby appeals the Contracting Officer's Final Decision" (Notice of Appeal & compl. at 2). Indeed, the notice of appeal and complaint also included the information we encourage contractors to include, identifying the contract number, the agency, the contracting officer's final decision appealed (which KBR attached), and the amount of money at issue – $88.2 million (which includes the disputed provisional payments and implicitly the liquidated damages). (Notice of Appeal & compl. at 1, ¶ 79)

The government points to KBR's subsequent appeals of the December 10, 2020 demand letters as evidence that KBR did not believe its September 24, 2020 notice of appeal was appealing the alleged government claims within the contracting officer's final decision (gov't reply at 8-9). KBR can hardly be blamed for filing subsequent appeals and not being more explicit in its initial appeal. The statements in the July 1, 2020 contracting officer's final decision denying KBR's claim were unclear whether the Army Corps of Engineers was even asserting government claims in the decision. For example, the final decision stated that the $27 million in provisional payments was "subject to recoupment or offset" to be accomplished "by modification of the Contract or other measures permitted by the FAR" and "reserve[d] the right" to collect liquidated damages "in a future decision" (R4, tab 1 at 48, 107).

Regardless of any confusion, we have repeatedly recognized that a contractor timely appeals a contracting officer's final decision that includes both contractor and government claims even where the contractor's notice of appeal fails to mention the government claim embedded within the final decision appealed. *G. Bliudzius Contractors, Inc.*, ASBCA Nos. 42366, 42367, 93-1 BCA ¶ 25,439 at 126,685 (construing contractor's "notices of appeal as indicating an intent on appellant's part to contest the Government's assessment of liquidated damages" in the same contracting officer's final decision denying contractor's request for a time extension, which contractor specifically appealed); *G.S.E. Dynamics, Inc.*, ASBCA No. 25227, 81-1 BCA ¶ 15,096 at 74,698-99 ("The Government appears to contend that the appeal from its final decision of 11 April 1980 presented to the Board *only* appellant's claim for work performed on the Government furnished forgings. This is, however, clearly too narrow a view of the matter."). KBR was not explicit regarding appealing the alleged government claims, but its timely appeal of the contracting officer's final decision within the 90-day jurisdictional appeal period sufficed to meet the timeliness requirements for appealing the alleged government claims.

Ultimately, we conclude that KBR timely appealed the July 1, 2020 final decision. However, the agency's motion begs the question whether the July 1, 2020 contracting officer's final decision actually stated government claims (or whether the December 10, 2020 contracting officer's demand letters stated the government claims). We address that question next, because the parties disagree which communication constitutes a final decision on the government claims.

III. *The July 1, 2020 Contracting Officer's Final Decision Did Not State Valid Government Claims, But the Demand Letters Stated Valid Government Claims and Constituted Final Decisions KBR Timely Appealed*

The CDA does not define a claim, but the United States Court of Appeals for the Federal Circuit has adopted the definition of a "claim" found in the FAR (and the Disputes clause): "[A] written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." *K-Con Bldg. Sys. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015) (quoting *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (*en banc*) (quoting FAR definition of "claim")); FAR 2.101 (definition of "claim"); (R4, tab 3 at 33 (Contract incorporating FAR 52.233-1, DISPUTES (JUL 2002) that uses this definition)); *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

A monetary claim must "adequately specify both the amount sought and the basis for the request[.]" *K-Con Bldg. Sys., Inc.*, 778 F.3d at 1005. A proponent of a claim cannot simply state that it intends to assert a claim at a later time, but must make a written demand or assertion for a monetary sum certain. *Maropakis*, 609 F.3d at 1328

7

("A claim cannot be based merely on intent to assert a claim without any communication by the contractor of a desire for a contracting officer decision."). Indeed, just like a contractor, the government must make a "clear and unequivocal statement" giving "adequate notice" of the basis and amount of the claim. *L-3 Commc'ns*, 17-1 BCA ¶ 36,865 at 179,625 (requiring government to provide "clear and unequivocal statement" to meet "adequate notice" requirement); *SRA Int'l, Inc. v. Dep't of State*, CBCA 6563, 20-1 BCA ¶ 37,543 at 182,312 (same); *Raytheon Co. v. United States*, 105 Fed. Cl. 236, 298 (2012) (requiring "adequate notice" of government claim), *aff'd*, 747 F.3d 1341 (Fed. Cir. 2014). To determine the validity of a claim, we apply a common sense analysis, looking at specific communications on a case-by-case basis and the "totality of previous correspondence between the parties." *Holmes & Narver, Inc.*, ASBCA No. 51430, 99-1 BCA ¶ 30,131 at 149,054.

The July 1, 2020 decision did not state government claims for liquidated damages or recoupment of the provisional payments. First, as noted above, the contracting officer did not demand or assert a claim for money, but merely "reserve[d] the right" to collect liquidated damages "in a future decision" and stated that KBR was "subject to recoupment or offset" of provisional payments that the Army Corps of Engineers would accomplish "by modification of the Contract or other measures permitted by the FAR" (R4, tab 1 at 48, 107). These were mere assertions of legal rights that stated an intent to seek a legal remedy in the future. However, "[t]he mere assertion of a legal right to a remedy falls short of a written demand for payment of a sum certain." *Philips Lighting N. Am. Corp.*, ASBCA No. 61769 *et al.*, 20-1 BCA ¶ 37,679 at 182,929; *ACEquip, Ltd.*, ASBCA No. 53479, 02-2 BCA ¶ 31,978 at 158,019 ("Although the Termination Contracting Officer (TCO) mentioned that the Government was assessing liquidated damages, just as the CO had previously communicated to appellant, the TCO did not seek payment of liquidated damages. Thus, the TCO's final decision was not a Government claim for such damages within the meaning of the CDA."), *modified on other grounds*, 03-1 BCA ¶ 32,109; *cf also Hanley Indus., Inc.*, ASBCA No. 56976, 10-1 BCA ¶ 34,425 at 169,930 (concluding there was no final decision because the contracting officer "reserve[d] the right to submit the total dollar amount of its demand for these actions to [contractor] at a later date"). Because the contracting officer's decision was unclear and equivocal in making a demand or assertion for payment, the July 1, 2020 decision did not include a valid government claim.

Second, as to the claim for liquidated damages, the July 1, 2020 decision also lacked a sum certain. *Parsons Evergreene, LLC*, ASBCA No. 57794, 12-2 BCA ¶ 35,092 at 172,346 ("There remains the necessity that the assessment of the liquidated damages be memorialized in a final decision by the contracting officer."). Notably, it was unclear what exact dollar amount of the liquidated damages the Army Corps of Engineers intended to seek and how it intended to recover – by recoupment, offset, or seeking repayment. Only when the Army Corps of Engineers issued the demand letter for the liquidated damages did the agency explain the sum certain amount owed (R4, tab 156).

Moreover, this demand letter constituted the "future decision" promised in the July 1, 2020 contracting officer's final decision denying KBR's claims (R4, tab 1 at 107).

Given the totality of the correspondence between the parties, the contracting officer's December 10, 2020 demand letters constituted the government claims and the contracting officer's final decisions (R4, tabs 154,156). *IBM Corp.*, ASBCA No. 60332, 18-1 BCA ¶ 37,002 at 180,192 ("We conclude that the government first asserted its claim on 8 March 2013, when it issued a demand letter for the sum certain amount . . . ."). The Army Corps of Engineers' contracting officer's demand letters were clear and unequivocal that the agency sought recovery of a sum certain owed by KBR for the liquidated damages and provisional payments; and, most importantly, KBR timely appealed those claims (ASBCA Nos. 62843 and 62844).

The Army Corps of Engineers asserts that the demand letters did not serve as contracting officer's final decisions (gov't mot. at 5-8; gov't reply at 4-6). We disagree. Even if not labeled a "final decision," a communication from a contracting officer can constitute a valid final decision. *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906-07 (Fed. Cir. 1990). Indeed, the FAR even permits a contracting officer to issue a demand letter as part of a final decision. FAR 32.604(a)(3) ("Issue the demand for payment as part of a final decision, if a final decision is required by 32.605(a).").

The agency offers several authorities to assert otherwise. As the agency correctly notes, we have concluded in some circumstances that demand letters did not constitute final decisions (gov't mot. at 5-6). For example, the agency cites *Santa Fe Builders, Inc.*, where we found that the "demand letter cannot qualify because it expressly stated that a contracting officer's decision would be issued at a future date." *Santa Fe Builders, Inc.*, ASBCA No. 52021, 00-2 BCA ¶ 30,983 at 152,919. Here, however, the July 1, 2020 contracting officer's final decision on KBR's claims deferred a decision on the government claims by stating the liquidated damages would be recovered in a "future decision" and that the provisional payments were "subject to" recovery at a later date (R4, tab 1 at 48, 107). The demand letters served as the future decisions on government claims promised in the earlier correspondence.

The Army Corps of Engineers also cites *Boeing v. United States*, as providing another example that a demand letter cannot serve as a final decision and distinguished *Placeway* (gov't reply at 4-5). *Boeing v. United States*, 25 Cl. Ct. 441, 446-47 (1992), *rev'd & vacated*, 991 F.2d 811 (Fed. Cir. 1993) (unpub. tbl. dec.). In *Boeing*, the Claims Court found that a demand letter was not a final decision. 25 Cl. Ct. at 446-47. However, the Federal Circuit reversed and vacated that specific determination: "We hold the demand was final." 1993 WL 76280 at \*1.\*

---

\* The Federal Circuit changed its rules in 2020 and now permits parties to cite non-precedential decisions (while previously it prohibited parties from citing

The Army Corps of Engineers asserts that the later demand letters may not vitiate the finality of an earlier final decision, relying on *Aerospace Facilities Grp., Inc.*, ASBCA No. 61026, 18-1 BCA ¶ 37,105 at 180,605.  In *Aerospace Facilities*, however, we concluded that the government's ambiguous actions vitiated a prior final decision. *Aerospace Facilities*, 18-1 BCA ¶ 37,105 at 180,606.  In any event, here the prior "final decision" did not include a valid government claim and stated the agency intended to issue future decisions regarding recoupment of provisional payments and for liquidated damages.  The Army Corps of Engineers' actions here, like that in *Aerospace Facilities*, sowed ambiguity into any finality of the July 1, 2020 decision.

The Army Corps of Engineers also asserts that we have found demand letters could not constitute contracting officer's final decisions because they lacked finality, prejudicing a contractor by failing to include notice of the contractor's appeal rights.  *Transportes Especiales de Automoviles, S.A.*, ASBCA No. 43851, 93-2 BCA ¶ 25,745 at 128,113 (failing to inform contractor of appeal rights); *Al's Enters., Ltd.*, ASBCA No. 14031, 71-1 BCA ¶ 8,896 at 41,338 (pre-CDA appeal concluding "demand letters did not purport to be final decisions of the contracting officer").  However, the CDA requires the contracting officer to include the appeal rights for the "protection of the contractor."  *Decker & Co. v. West*, 76 F.3d 1573, 1579 (Fed. Cir. 1996).  And, as KBR correctly notes, there is no harm where a contractor does not detrimentally rely on an agency's failure to include the required CDA appeal rights in a final decision.  *Fla. Dep't of Ins. v. United States*, 81 F.3d 1093, 1098 (Fed. Cir. 1996); *JAAAT Tech. Servs., LLC*, ASBCA No. 61792 *et al.*, 21-1 BCA ¶ 37,878 at 183,950-51; (app. resp. at 8-9).  Here, the agency's failure to include the appeal rights did not harm KBR because it timely appealed the final decisions.

Ultimately, based on our review of the totality of the communications between the Army Corps of Engineers and KBR, we conclude that the facts of these appeals demonstrate that the demand letters constitute final decisions.  Accordingly, KBR timely appealed those final decisions.

---

non-precedential dispositions issued prior to January 1, 2007).  *Compare* Fed. Cir. R. 32.1(c) (Dec. 2020) *with* Proposed Amendments to Federal Circuit Rules of Practice (Apr. 2020), *available at* https://cafc.uscourts.gov/wp-content/uploads/FCRProposedAmendments-PublicRedlineCopy-April2020.pdf. The agency's counsel was not alone in misdiagnosing the import of subsequent adverse appellate history.  KBR's counsel also did not include subsequent appellate history in *Sharman Co. v. United States*, 24 Cl. Ct. 763 (1991), which KBR cited to support its assertion that a demand letter could be a final decision (app. resp. at 9-10).  The Federal Circuit reversed on that issue, concluding the facts did not demonstrate that the demand letter was a final decision.  *Sharman Co. v. United States*, 2 F.3d 1564, 1571 (Fed. Cir. 1993), *overruled on other grounds by*, *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1579 n.10 (Fed. Cir. 1995) (*en banc*).

<u>CONCLUSION</u>

The Army Corps of Engineers' motion to dismiss is denied.

Dated: November 22, 2021

_____
DANIEL S. HERZFELD
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62681, 62843, 62844, Appeals of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated: November 24, 2021

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

11